UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARTAZZ WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:17-cv-03746-JMS-DML |
| D. EMERSON Superintendent, | ) ) ) | |
| Respondent. | ) | |

**Order Granting Motion for Ruling, Granting Motion to Amend Petition, Denying Petition for Writ of Habeas Corpus, and Directing Entry of Final Judgment**

### I. Motion for Ruling

Petitioner Martazz Williams's motion for ruling, dkt. 16, is **granted** to the extent the Court is contemporaneously issuing its ruling on Mr. Williams's petition for habeas corpus.

### II. Motion to Amend Petition

Mr. Williams's motion to amend petition, dkt. 17, is **granted** to the extent the Court will construe his motion to amend petition to be a supplemental reply brief.

### III. Petition for Writ of Habeas Corpus

The petition of Martazz Williams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. STP 17-05-0139. For the reasons explained in this Order, Mr. Williams's habeas petition must be **denied**.

#### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v.*

*Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 25, 2017, Officer Lloyd wrote a Conduct Report charging Mr. Williams with B-202, possession of a controlled substance. Dkt. 1-1 at 9; dkt. 10-1. The Conduct Report states:

> On May 25, 2017, at approximately 2:36 am, I, Officer W. Lloyd, conducted a search on Offender Martazz Williams (DOC# 160139). Offender Martazz Williams was in possession of a green leafy substance (K2).

Dkt. 1-1 at 9; dkt. 10-1. A Notice of Confiscated Property listing "(1) packet of a green leafy substance (K2)" and "(1) rolled joint of (K2) green leafy substance" was issued, but Mr. Williams refused to sign it. Dkt. 10-3.

Mr. Williams was notified of the charge on June 1, 2017, when he received the Screening Report. He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses. Dkt. 1-1 at 5; dkt. 10-2 at 1. He requested testing done on the green leafy substance. Dkt. 10-2 at 1.

The prison disciplinary hearing was held on June 8, 2017. According to the notes from the hearing, Mr. Williams stated that Officer Lloyd did not find anything on him. Dkt. 10-3 at 1; dkt. 1-1 at 6. Based on the staff reports, the hearing officer found Mr. Williams guilty of B-202,

2

possession of a controlled substance. The sanctions imposed included ninety days (suspended) of earned-credit-time deprivation and a suspended credit class demotion.

Mr. Williams appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his initial petition, Mr. Williams asserts four grounds to challenge his prison disciplinary conviction: (1) there is a two month discrepancy between the reporting officer's and immediate supervisor's dates on the Conduct Report; (2) the Disciplinary Hearing Report violated his due process because it failed to provide a written reason for imposing a sanction and was not appropriately initialed; (3) the sanctions were not approved by the Superintendent or a designee pursuant to IDOC administrative procedures; (4) the substance should have been tested pursuant to his request at screening and IDOC policy. Dkt. 1. The respondent argues that Mr. Williams failed to appeal certain grounds, violations of IDOC policy are not cognizable, Mr. Williams's due process rights were not violated, and Mr. Williams was not entitled to scientific testing. Dkt. 10. In reply, Mr. Williams asserts that he attempted to appeal on all of his grounds, but was prevented from doing so. Three months later, Mr. Williams amended his reply to raise the issues of: (1) whether there is some evidence that the contraband was synthetic marijuana, and (2) whether there is some evidence that he possessed the contraband. Dkt. 13. Almost four and a half months after his initial reply, and eight months after filing his petition, Mr. Williams submitted a motion to amend petition, which the Court has construed as a supplemental reply brief. Dkt. 17. In his

supplemental reply brief, Mr. Williams repeats his assertion that the Disciplinary Hearing Report failed to include a sufficient written explanation for the sanctions.

1. Exhaustion

As a preliminary matter, the respondent argues that Mr. Williams failed to exhaust his available administrative appeals with regard to certain issues in the petition. The record, however, is insufficient to determine whether Mr. Williams exhausted certain issues during the administrative process. In this case it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Williams's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

In this case, considering petitioner's claims on the merits rather than first resolving the exhaustion issue will promote judicial economy. The review permitted of the challenged proceeding is narrow, and is based on the expanded record of the charge, notice, evidence, hearing, and decision. It appears to be an inefficient use of the Court's resources and the parties' time to untangle the parties' dispute about whether Mr. Williams exhausted his administrative remedies.

2. Discrepancy in Dates

Mr. Williams's first ground relates to a two month discrepancy between the reporting officer and immediate supervisor's dates on the Conduct Report. He asserts that the reporting

4

officer wrote the report on 5/25/2017, but the immediate supervisor's signature was on 3/25/2017, and this was a due process violation. The supervisor's signature is reproduced below.



Dkt. 10-1 at 1.

Mr. Williams's argument is frivolous. Although the handwritten date could be construed to read "3-25-17," it is more likely to read "5-25-17." Regardless, there is no due process right associated with dates on a Conduct Report. *See Wolff,* 418 U.S. at 563-71; *Hill*, 472 U.S. at 454-57. Thus, Mr. Williams is not entitled to habeas relief on this ground. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws).

### 3. Violation of IDOC Policy

Mr. Williams raises three grounds related to violations of IDOC policy: (1) the hearing report was not initialed properly; (2) the sanctions were not properly approved; and (3) the substance should have been tested.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting

challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle*, 502 U.S. at 68 at n.2 ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Williams is not entitled to relief on this basis.

### 4. Written Basis for the Sanctions of the Hearing Report

Mr. Williams asserts that the Disciplinary Hearing Report failed to provide a proper written explanation for his sanctions.

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* But "[o]rdinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The purpose of this requirement is to allow "a reviewing court . . . [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Id.*

The hearing officer stated that the reason for his decision was based on the staff reports – that is, the Conduct Report and the Notice of Confiscated Property. Dkt. 10-3. Mr. Williams is

6

simply incorrect that the written statement does not reflect what information the hearing officer considered and relied on.

But more to the point, although the written statement of decision was brief, it was sufficient to comport with due process. When a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007); *see Scruggs*, 485 F.3d at 941; *Saenz*, 811 F.2d at 1174. Here, because the underlying case is fairly straightforward, the hearing officer's simple statement regarding the evidence on which he relied in making his decision is sufficient. *See Jemison*, 244 Fed. Appx. at 42 (holding that the hearing officer's statement "that it relied on staff reports and [the inmate's] own statement at the hearing" was sufficient because the hearing officer "had only to weigh [the officer's] statement against [the inmate's]"); *see also Saenz*, 811 F.2d at 1174; *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987). Accordingly, an adequate written statement was provided, and Mr. Williams is not entitled to habeas relief on this claim.

     5.     <u>Lab Testing of the Substance</u>

Mr. Williams asserts that the hearing officer improperly denied his request at screening for the substance to be lab tested.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding

of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an *in camera* review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679). However, petitioners have no right to laboratory testing. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test…Prison administrators are not obligated to create favorable evidence or produce evidence they do not have. Without a specific reason to doubt the field test—and no reason was suggested by Manley—the hearing officer could rely on the results of the field test.").

Mr. Williams was not entitled to lab testing of the substance. Nor was the prison obligated to create or produce evidence it did not have. Based on the totality of the evidence, it was reasonable for the hearing officer to rely on the Conduct Report prepared by Officer Lloyd in which he identified the contraband as K2 in a green leafy form and rolled as a joint. Accordingly, Mr. Williams is not entitled to relief on his claim of denial of lab testing.

### 6. Sufficiency of the evidence

Mr. Williams challenged the sufficiency of the evidence in his reply brief, but this argument is waived. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir. 2001)

("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). Nonetheless, the Court will discuss the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the Conduct Report explained that Officer Lloyd conducted a search of Mr. Williams, and found "green leafy substance (K2)" on Mr. Williams. A rolled joint of K2 was also confiscated. This is "some evidence," under *Ellison*. Accordingly, Mr. Williams is not entitled to relief on his claim of denial of evidence.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Williams to the relief he seeks.

Accordingly, Mr. Williams's petition for a writ of habeas corpus must be **denied** and the action dismissed.

### IV. Summary

Mr. Williams's motion for ruling, dkt. [16], is **granted** to the extent the Court has now issued its ruling on Mr. Williams's petition for habeas corpus.

Mr. Williams's motion to amend petition, dkt. [17], is **granted** to the extent the Court construed his motion to amend petition to be a supplemental reply brief.

Mr. Williams's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/18/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MARTAZZ WILLIAMS
160139
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov